MoIlvaine, J.
The ordinance of -May 2, 1871, and the acceptance of the grant by the railway company, constituted a valid contract between the parties. The 12th section of the corporation act of May 1, 1852, as amended April 15, 1857, provided that “ If it shall be necessary in the location of' any part of any railroad to occupy any road, street, alley or public way or ground of any kind, or any part thereof, it shall be competent for tho municipal or other corporation or public officer or public authorities, owning or having in charge thereof, and the railroad company, to agree upon the manner and upon the terms and conditions upon which the same may be used or occupied.” The contract for the right of way having been thus entered into by the parties, it was not within the power of the council of the village to rescind or modify it without the consent of the railway company. The ordinance of October 3, 1871. purporting ti repeal the contract ordinance of May 2, 1871, was not intended to operate merely as a discharge of the railway company from its obligations to perforin the stipulations of tho contract on its part, but to rescind the contract entirely; and as it cannot have the operation intended by the council, the railway company has no right to insist that it shall have an operation not intended by the council.
It is claimed by the company, that, although the stipulated work was not performed, a right of action did not accrue to the village until refusal or neglect to do the work by the company, after special notice or demand on the part of the village. On this point it is sufficient to say, that, under the contract, the company was bound to do the work within a reasonable time. No provision was made for notice or demand. Hence, after the lapse of reasonable time, the work not being performed, a right of action accrued to.tho plaintiff. It is true, that this work was to be performed “ to the acceptance of the village council.” And as to such portions of the work as were as *635 sumed to be done, but not to tbe satisfaction of the council, there would be some reason for requiring notice of non-acceptance, if the work as done had been tendered for acceptance. Rut in the case before us formal acceptance was not solicited, arid the court charged the jury on this point, that they should ascertain whether or not the village council were in fact satisfied, or ought, as a reasonable body of men, to have been satisfied with such portions of the work, and if they were, or ought to have been satisfied, then there could be no recovery on account of such portions. This statement of the law was as favorable as the defendant had a right to ask. ~
It is also contended that inasmuch as no grade for Lebanon street had been established by the village council, there was no means for determining the extent or nature of the work tp be done by the company, or the amount of damages for failing to perform it. It appears to us that the non-existence of an established grade of this street did not affect the right of recovery. The grade of the railroad track had been fixed by the company, as was shown by a “jalan or profile” referred to in the contract; and this grade being fixed, the undertaking of the company was to so grade and gravel the street as to permit it to be used as other streets were used. The street was to be improved with reference to the grade of the railroad track, so that the extent and nature of the work were sufficiently defined. We see no objection to the council making such a contract for the improvement of a street under its care and control.
The southern terminus of Lebanon street was originally at Second street, but previous to this contract one French, liad laid out an extension of this street southward three hundred feet and had sold lots abutting on the extension, upon which buildings had been erected. In respect to this extension, the defendant below requested the court to charge the jury as f ollows:
“ The defendant was under no obligation, by the terms of the contract set forth in the petition, to grade or gravel any part of Lebanon street, as shown on said plat of T. French, which lies south of Second street.”
*636 The court refused so to charge, but did instruct as follows :
“ The ordinance set forth in the petition dated May 2d, 1871, included all of what was then known as Lebanon street, between the points for which the proposed cuts and fills were marked on the plan and profile accompanying said ordinance, which had been and then was dedicated to public use as a street, and over which said council had control as such ; there is no dispute that this was the case with all of said street from the south line of Second street to Sixth street, the evidence of plaintiff to that effect not being contradicted, and being sufficient to establish the fact.
“ As to the part south of Second street, being a cul de sac, extending three hundred feet from Second street, it is claimed that it was dedicated as a street by T. French, no dedication thereof having been made according to the statute in such case provided. Three things are necessary to be shown to establish its dedication. The owner must have intended to dedicate the property for a street, and to give up his private rights in it, which are inconsistent with its use.as a street by the public at large. And he must have evidenced and carried out this intention by some unequivocal act, such as throwing it open to the public, fencing it out, making or recording a plat, showing it marked as a street, selliug lots upon such plat, and conveying them by deeds referring to the plat. If you find that the owner so intended to dedicate it as a public street, and carried out such intentions by acts necessary for that purpose, then the village council must have accepted the dedication, there being no evidence of any acceptance by the public before plaintiff’s incorporation, and I charge you that the passage of the ordinance of May 2d, 1871, accompanied by the plat or profile referred to in the ordinance, and offered in evidence therewith, recognizing the street as extending three hundred feet below Second street, and providing for its occupancy and improvement by defendant, is a sufficient acceptance of the dedication of that part of the street by the village council, if you find that before that time the owner on his part had done all that was necessary to its dedication as aforesaid.”
*637 We see no error in refusing to charge, or in the instruction given.
' It is also alleged for error that the following testimony was rejected by the court. N. M. Shoemaker, president and superintending engineer of the defendant, was offered by defendant as a witness to prove that while the work of grading Lebanon street by the defendant was progressing under the witness’s charge, that Mi’. Morton, the mayor of plaintiff’s corporation, instructed the witness not to grade and gravel any of the street south of Second street; that Lebanon street, as recognized by the village, did not extend south of Second street.
To which plaintiff objected, and the court sustained the objection and excluded the testimony (it not being shown, nor proposed to be shown, that said mayor had any authority from council in the premises), to which the defendant excepted.
The exclusion of this testimony was not error. The exclusive care and control of the streets of an incorporated village are placed, by statute, in the village council. And any direction in respect to the improvement of streets, assumed to be given by the mayor of the village, without authority from the-council, is wholly without authority.
The last ground alleged for error against the judgment below, which we propose to consider, relates to the measure of damages. On this point the court charged as follows:
“ If you find the plaintiff is entitled to a verdict, the measure of damages for such work, if any, as the defendant ought to have done and failed to do, within a reasonable time, and the plaintiff did do, is the cost to plaintiff of the work done by it, and interest thereon to the first day of this term, provided such cost was the fair and reasonable cost thereof at the time when it was so done. And for such work, if any, as the defendant agreed to do and failed to do, within a reasonable time, and W'hich the plaintiff has not done, the plaintiff is entitled to recover what it would fairly have cost the ]:>laiuti£l: to have it done after defendant had failed for a reasonable time to do it.”
The measure of damages in such cases is compensation, and, of course, corporate compensation must be limited to the corporate injury; but, where the injury resulting to a corpora *638 tion by tbe breach of a contract is the same that would have resulted to a natural person from a like breach, the rule of compensation is the same. This case is wholly unlike M. K. & T. R. R. Co. v. City of Fort Scott, 15 Kan. 490, where the city had granted the right of way through its streets in consideration that the company would build its repair-shops in Fort Scott, which the company failed to do. By the failure of the company the injury to the city in its corporate capacity was not equal to the cost of the improvements contracted for. If the shops had been built, they would not have become the corporate property of the city. Nor is this case like one where the right of way is granted upon conditions, by an ordinance operating as a law merely, and the way is occupied in violation of the conditions. We need not stop to discuss the nature of penalties in such cases. Here we have a violated contract entered into by parties authorized to contract; and made, though by a municipal corporation, in relation to its corporate affairs. We cannot, therefore, see why the ordinary rule of damages should be departed from, or why the municipal corporation should be required to perform the work contracted for before instituting an action for damages for the breach of the contract. Should a tax be collected to pay for the work, and an action their brought for the purpose of reimbursing the taxpayer ? Surely not. Nor does it matter at all, to the delinquent contractor, whether or not the work which he contracted to do, but failed to perform, should ever be accomplished. Whether the damages realized in such action should be devoted to the improvement contracted for, or to other purposes, is a question between the village and its citizens^ with which the railroad company can have no concern.

Judgment affirmed.